**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| OSHLO-WILKINSON DAIRY QUEEN, an Iowa Partnership,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DAIRY QUEEN CORPORATION,<br><br>Defendant | Case No.<br><br>**DEFENDANT AMERICAN DAIRY QUEEN CORPORATION'S NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, American Dairy Queen Corporation ("ADQ") hereby removes the case captioned as *Oshlo-Wilkinson Dairy Queen, an Iowa Partnership v. American Dairy Queen Corporation*, Case No. LACV127235 from the District Court of Pottawattamie County, Iowa, to the United States District Court for the Southern District of Iowa. ADQ's Notice of Removal is based on the following:

**The State Court Action**

1. On November 7, 2025, Oshlo-Wilkinson Dairy Queen, an Iowa Partnership ("Plaintiff"), filed a petition in the District Court of Pottawattamie County, Iowa. On November 11, 2025, Plaintiff filed a First Amended Petition. On November 14, 2025, ADQ was served with the Original Notice and First Amended Petition.[1] ADQ filed an Answer on December 4, 2025. The state court issued a Trial Scheduling Conference order on December 5, 2025.

---

[1] ADQ was not served with a copy of the original Petition.

2. Plaintiff's First Amended Petition alleges that Defendant breached a contract between the parties and violated Iowa's franchise laws. (Ex. A, First Am. Pet. ¶¶ 39-46, 47-54.) Plaintiff also requests declaratory relief pertaining to an agreement signed in 1946 between J.F. McCullogh, Gerald Lowrance, and Paul Wilkinson. (*Id.* ¶¶ 21-38.) Defendant denies Plaintiff's claims and denies that Plaintiff is entitled to any relief. *See generally* Answer.

3. The state action in the District Court of Pottawattamie County, Iowa was assigned case number LACV127235. No motions are pending in that court.

4. Pursuant to 28 U.S.C. § 1446(a), ADQ has attached a copy of all process, pleadings, and orders filed in the state court action as **Exhibit A**.

**Statutory Grounds for Removal**

5. Defendant removes this case based on 28 U.S.C. §§ 1332 and 1441. Section 1441(a) authorizes the removal of any civil actions filed in state court provided that the United States District Court has original jurisdiction for such actions. Section 1441(b) authorizes the removal of civil actions filed in state courts based on diversity of citizenship. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which provides jurisdiction over civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which the plaintiffs and defendants are citizens of different states.

**Diversity of Citizenship**

6. ADQ is a Delaware corporation with its principal place of business at 8331 Norman Center Drive, Suite 700, Bloomington, Minnesota 55437. Thus, for purpose of removal, it is a citizen of both Delaware and Minnesota. 28 U.S.C. § 1332(c)(1).

7. Plaintiff alleges that it is an Iowa general partnership with its principal place of business located at 109 Sleepy Hollow, Council Bluffs, Iowa, 51503. (*See* Ex. A, First Am. Pet.

¶ 2 (alleging the same).) "A general partnership is an unincorporated association and for the purposes of diversity jurisdiction has the citizenship of each of its members." *J.R. Simplot Co. v. Campbell*, No. 2:06CV7, 2007 WL 2993662, at *4 (D.N.D. Oct. 11, 2007). On information and belief, Plaintiff's members are Doug Oshlo, Elizabeth Oshlo, Bryon Wilkinson, and Cynthia Lakatos. On further information and belief, Doug Oshlo, Elizabeth Oshlo, and Cynthia Lakatos live in Iowa and therefore are citizens of Iowa. On further information and belief, Bryon Wilkinson lives in Florida or Iowa, and therefore is a citizen of one of those states. Thus, on information and belief, no member of Plaintiff is a citizen of either Delaware or Minnesota.

8. There is complete diversity of citizenship between Plaintiff and ADQ.

**Amount in Controversy**

9. Plaintiff's Amended Petition does not assert a claim for a specific amount of damages. (*See generally* First Am. Pet.). *See also* Iowa R. Civ. P. 1.403(1) (prohibiting plaintiffs from stating in a petition the specific amount of money damages sought). Nevertheless, the potential damages at issue in this dispute exceed the $75,000 threshold. *See Berg v. INTL FC Stone, Inc.*, 2019 WL 13301269, at *2 (S.D. Iowa Feb. 6, 2019) (a defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds $75,000) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)).

10. By its Amended Petition, Plaintiff seeks a declaration that ADQ may not require third-party 3210 W. Broadway DQ, LLC ("Broadway") to enter into a new franchise agreement with ADQ following Plaintiff's transfer of its DQ® Restaurant to Broadway.[2] (*See* First Am. Pet.

[2] Multiple courts have upheld ADQ's reasonable requirement that franchisees must sign new agreements upon transfer. *E.g.*, *Oakland Fam. Restaurants, Inc. v. Am. Dairy Queen Corp.*, 2025 WL 789555 (6th Cir. Mar. 12, 2025); *Am. Dairy Queen v. Wineinger*, 2022 WL 3027004 (W.D. Wis. Aug. 1, 2022).

¶¶ 21-38.) Plaintiff also alleges that ADQ's proposed new franchise agreement impermissibly would require Broadway to pay ADQ "an up front fee of $45,000.00" and royalties of "either 4% or 5% of the gross sales and an addition[al] 5% of marketing," which royalty fees Plaintiff alleges are "increased" as compared to the fees required by the 1946 Agreement. (First Am. Pet. ¶¶ 34, 38(i)-(j).) Based on these allegations, Plaintiff seeks damages for breach of contract and violation of the Iowa Franchise Act. (*See id.*, Counts II & IIII.) The potential damages at issue therefore exceed the $75,000 jurisdictional threshold.

11. In addition, Plaintiff seeks attorney fees under the Iowa Franchise Act. (*See id.* ¶ 46.) A claim for attorney fees counts towards the amount in controversy if the claimed entitlement would arise under a statute or contract. *See Huss v. Sun Pharm. Indus., Inc.*, 2019 WL 13216613, at *1 (S.D. Iowa Feb. 14, 2019). Here, the Iowa Franchise Act provides for reasonable attorney fees in favor of a private plaintiff if the defendant violated the chapter. *See* Iowa Code § 523H.13. The cost of litigating a dispute like this one through discovery, dispositive motions, and potentially trial will exceed $75,000. This is an additional reason the $75,000 threshold is met.

**Venue**

12. Plaintiff commenced the state-court civil action in Pottawattamie County, Iowa. Removal to this Court is proper because the District Court of Pottawattamie County, Iowa lies within this Court's district and division. *See* 28 U.S.C. § 1446(a). Plaintiff alleges that "the agreement at issue in this lawsuit was entered into and was performed in Pottawattamie County, Iowa." (Ex. A, First Amended Pet. ¶ 4.) Plaintiff also alleges that it is the "exclusive territory operator[] and sub-franchisor for Dairy Queen stores located in Pottawattamie County, Iowa." (*Id.* ¶ 8.) Accordingly, a "substantial part of the events or omissions giving rise to the claim occurred" within this Court's district and division. 28 U.S.C. § 1391(b)(2).

**Timeliness of Removal**

13. This Notice of Removal was filed within thirty days of the service of process of the First Amended Petition in the state action, as required by 28 U.S.C. § 1446(b).

**Written Notice of Removal**

14. After filing this Notice of Removal in this Court, ADQ will promptly give written notice of removal to Plaintiff by sending a Notice of Filing of Notice of Removal (in the form attached as **Exhibit B)** to Plaintiff's counsel of record. *See* 28 U.S.C. § 1446(d).

**No Waiver**

15. By removing this action from state court, ADQ does not waive any defenses available to it or admit any of the allegations in Plaintiff's First Amended Petition.

WHEREFORE, Defendant removes the subject action from the District Court of Pottawattamie County, Iowa, to the United States District Court for the Southern District of Iowa.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 81**

16. Pursuant to Local Rule 81, Defendant certifies the following:

a. Pursuant to 28 U.S.C. § 1446(a) and LR 81, copies of all process, pleadings, and orders filed in this action are attached hereto as Exhibit A and by this reference incorporated herein.

b. Pursuant to LR 81, no matters are pending in the State Action that will require resolution in this Court, other than the lawsuit that is the subject of this Notice of Removal.

c. Pursuant to LR 81, the names of parties, counsel, and the law firms that have appeared in the State Action are as follows:

Attorneys for Plaintiff
Adam Wachal
Jessica L. Weborg
KOLEY JESSEN P.C., LLO
1125 South 103 Street, Suite 800
Omaha, NE 68124

Adam.wachal@koleyjessen.com
Jessica.weborg@koleyjessen.com

Attorney for Defendant
Elizabeth J. Carter
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
*Elizabeth.Carter@faegredrinker.com*

Dated: December 11, 2025

Respectfully submitted,

*/s/ Elizabeth J. Carter*
Elizabeth J. Carter, AT0012802
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Tel: (515) 248-9000
Fax: (515) 248-9010
*Elizabeth.Carter@faegredrinker.com*

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and further served by first-class mail, postage prepaid and properly addressed to the following:

Adam Wachal
Jessica Weborg
KOLEY JESSEN P.C., LLO
1125 South 103 Street, Suite 800
Omaha, Nebraska 68124
Tel: (402) 390-9500
Fax: (402) 390-9005
*adam.wachal@koleyjessen.com*
*jessica.weborg@koleyjessen.com*

*Attorneys for Plaintiff*

*/s/ Elizabeth J. Carter*